**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENA MEYER,

              Plaintiff - Appellant,

  v.

DOLLY MATTENEUCCI; et al.,

              Defendants - Appellees.

No. 12-17065

D.C. No. 3:12-cv-00734-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

    Lorena Meyer appeals pro se from the district court's judgment dismissing

her employment action alleging various federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal

Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2010), and we affirm.

The district court properly dismissed Meyer's action because Meyer failed to allege facts sufficient to support one or more elements of her claims. *See id.* at 341-42 (although pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (conclusory allegations, unwarranted deductions, or unreasonable inferences need not be accepted as true); *see also, e.g.*, *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 716 (9th Cir. 2011) (elements of due process claim); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (elements of equal protection claim); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995) (elements of 42 U.S.C. § 1981 claim); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (no individual liability under Age Discrimination in Employment Act); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14 (Cal. 2000) (elements of discrimination claim under California's Fair Employment and Housing Act).

The district court did not abuse its discretion by denying Meyer's motion for leave to amend because Meyer failed to cure the defects in her due process and equal protection claims, failed to allege sufficient facts in support of her proposed Title VII retaliation claim, and was barred by the doctrine of res judicata from

2

pursuing her proposed First Amendment claim. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (setting forth standard of review, and noting that district court does not abuse its discretion by denying leave to amend where amendment would be futile); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004) (elements of prima facie case of retaliation under Title VII); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (setting forth elements of the doctrine of res judicata, which bars re-litigation of claims adjudicated on the merits in a prior action).

The district court did not abuse its discretion by denying Meyer's motions for reconsideration under Federal Rules of Civil Procedure 60(a) and 60(b) because Meyer failed to establish grounds for such relief. *See Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012) (setting forth standard of review and factors warranting reconsideration under Rule 60(a)); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors warranting reconsideration under Rule 60(b)).

We do not address issues raised for the first time in Meyer's reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**